UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:
MONEKA LYNN SANFORD   CASE NO: 11-47560
 CHAPTER: 7
 JUDGE: Rhodes

Debtor(s)

MONEKA LYNN SANFORD
_____/

MONEKA LYNN SANFORD
       Plaintiff
v.   Adv Proc. No.

US DEPARTMENT OF EDUCATION,
AMERICAN EDUCATION SERVICES (AES)
       Defendants
_____/

**COMPLAINT FOR DISCHARGE OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)**

NOW COMES Debtor and Plaintiff herein, Moneka Lynn Sanford, by and through her attorney, Deanna P. Waller-Bundy, as her Complaint against Defendants American Education Services, and the United States Department of Education, alleges the following:

### I. Jurisdiction and Parties.

1. This action is an adversary proceeding to determine the dischargeability of student loan debts pursuant to 11 U.S.C. § 523(a)(8) and, as such, is a core proceeding over which this Court has jurisdiction pursuant to Fed. R. Bankr. P. 7001(6), and 4007.

2. Debtor filed Chapter 7 Bankruptcy on March 21, 2011.

3. Defendants American Education Services and the United States Department of Education are Creditors of Plaintiff; duly listed on Debtor's Voluntary Petition and Schedules filed with the Court, and, at all times material hereto, were engaged in the business of lending money in the State of Michigan.

### II. Facts.

4. Plaintiff graduated from the University of Michigan in 1994 where she received a Bachelor of Art in Sociology and Psychology.

5. Plaintiff desired to pursue upward mobility. To do so, Plaintiff required an advanced degree. Plaintiff returned to the University of Michigan where she received a Masters of Social Work in 1998.

6. Plaintiff sought to continue her education by pursuing a law degree. She received a Juris Doctorate from Wayne State University in 2003.

7. To pay for her education, Plaintiff borrowed money in a series of student loans made between 1990 and 2002. These loans were eventually consolidated with Defendant U.S. Department of Education and American Education Services.

8. Between 1998 and 2000, plaintiff was employed by the State of Michigan working in Oakland County's Family Independence Agency (FIA). She managed caseloads exceeding forty families and represented FIA at various court hearings where she prepared petitions and testified at hearings for termination of parental rights.

9. Between 2001 and 2003, plaintiff worked as a law clerk and intern. In this capacity, plaintiff performed legal research on criminal, family and evidentiary issues. She prepared legal memorandums, attended pre-trial conferences, participated in case conferences, gathered discovery materials, and analyzed a variety of issues pertaining to the trial process.

10. Currently Plaintiff is forty-four (44) years of age, has one dependent child age 15 and is divorced.

11. Since 2003 Plaintiff has been working as a criminal defense attorney in private practice.

12. As a sole practitioner, Plaintiff was accustomed to workweeks exceeding 40 hours to keep her business financially solvent.

13. In late-2009, Plaintiff became ill as a result of progressive gynecological issues.

14. During the past 18 months, Plaintiff has had to undergo 8 separate gynecological surgeries.

15. The pathology and recurrence of disease is directly related to stress factors and plaintiff's decreased immune system stability.

16. Plaintiff has been ordered by her physician to work reduced hours.

17. Plaintiff is indebted to Defendants as follows:

| | |
|---|---|
| US Department of Education Loan: | $ 17,417.00 |
| American Education Services Loan: | $ 104,630.00 |
| Total: | $ 122,047.00 |

### III. First Cause of Action Determination of Dischargeability.

18. Plaintiff re-alleges and incorporates all assertions made above.

19. Currently, Plaintiff monthly income is $2,158.53. This includes $926.12 of court ordered child support which will continue for 3 years until her son turns 18 years of age.

20. Currently, Plaintiff pays $2,561.00 in reasonable and necessary expenditures every month.

21. As a result of her medical condition, plaintiff has reduced her work hours significantly. She currently works a maximum of 30 hours per week.

22. Plaintiffs monthly student loan payment to Defendant American Education Services is approximately $488.34, or thirty-four percent (23%) of Plaintiffs monthly net income.

23. Plaintiff's monthly student loan payment to Defendant U.S. Department of Education is approximately $231.37 or eleven percent (11%) of Plaintiffs monthly net income.

24. Plaintiff is unable to make the monthly student loan payments to Defendants and maintain a minimal standard of living. The combined student loan payments are 34% of plaintiff's monthly income.

25. Repayment of this debt would cause undue hardship to Plaintiff and Plaintiffs dependents.

26. Upon information and belief, Plaintiffs current state of financial affairs will persist indefinitely because Plaintiffs medical conditions prevent her from full time employment and Plaintiff has obtained as high a position of employment as possible, given her education and experience.

27. Upon information and belief, Plaintiffs current medical conditions will continue to deteriorate her general health.

28. Plaintiff has made all good faith efforts to repay her student loan debt to Defendants, including several forbearances, loan consolidations and payment deferment arrangements but remains simply unable to do so.

### IV. Prayer for Relief.

WHEREFORE, Plaintiff respectfully requests:

1. The Court enter an Order determining Plaintiffs debts to Defendants are dischargeable pursuant to 11 U.S.C. § 523(a)(8); and

2. Any other relief the Court may determine is just and equitable.

Dated: May 24, 2011

Respectfully submitted,
/s/ Deanna P. Waller-Bundy
Deanna P. Waller-Bundy (P73566)
Attorney for Plaintiff
29525 Northwestern Hwy, Suite 125
Southfield, MI 48076
248-875-7720